In re **TULANE HOTEL INVESTORS LIMITED PARTNERSHIP,** Debtor.

**Jean Hebert TURNER,
Trustee, Appellee,**

v.

**Edmond G. MIRANNE, et al.,
Appellants.**

**Bankruptcy No. 84–2145.
Civ. A. No. 87–3697.
Adv. No. 86–0095.**

United States District Court,
E.D. Louisiana.

Oct. 19, 1987.

Edmond G. Miranne, Sr., Pro Se Edmond G. Miranne, Jr., Pro Se New Orleans, La.

Turner, Young & Hebbler, Emile L. Turner, Jr., New Orleans, La., trustee.

## OPINION

CHARLES SCHWARTZ, Jr., District Judge.

On October 14, 1987, the Court heard oral argument on the defendants' appeal from a bankruptcy judgment entered against them. On July 8, 1987, after three days of trial, the bankruptcy court found the defendants liable to the trustee for $12,600 as the rent owing for the defendants' 21–month occupancy of a suite in the Bayou Plaza Hotel.

The defendants do not dispute that they occupied the suite during this entire period without a written lease, that they have not paid any rent for their occupancy during this entire period, or that the suite and hotel were in the debtor's estate during this entire period. While their brief does not appear to contest the bankruptcy court's factual finding that $600 per month represented a fair and reasonable amount of rent for the suite, they implied at oral argument that they do contest this finding.

The defendants' central argument on appeal, based on three documents fully considered by the bankruptcy court, is that the defendants had permission from First Financial Bank ("FFB"), the debtor's primary secured creditor, to occupy the suite rent-free.

This Court may not reverse the bankruptcy court's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013. Having reviewed the entire bankruptcy record transmitted to this Court, the Court does not find that the bankruptcy court's $600/month finding for fair and reasonable rent is clearly erroneous. Nor does the Court find the bankruptcy court's construction of the three documents clearly erroneous as to fact or erroneous as to law.

The October 1984 letter from FFB's attorney did not give the defendants permission to occupy the suite rent-free. Nor could FFB or its attorney have given such permission, for FFB was but a creditor. Post-petition use of the suite as property within the debtor's estate came within the trustee's, not FFB's, control. Concerning the September 1983 security agreement entitled "Assignment of Leases and Rents," defendants erroneously assume (1) that the agreement constituted an unconditional assignment (*see* ¶ 12) or (2) that FFB claimed or exercised a right to receive the rents from the hotel, i.e., that FFB notified the debtor of a default (¶ 12) and exercised its option (¶ 13) to collect these rents.

The trustee had a duty to collect rent for the defendants' post-petition use of property within the estate. *See generally* 11 U.S.C. § 701(a)(1), 721; *see also In re Monex Corp.*, 43 B.R. 879, 884 (Bankr.S.D.Fla. 1984) (a trustee may seek to collect a defendant's debt that is alleged to be collateral of a debt owed by the bankruptcy debtor to its creditors). With this adversary proceeding, it has successfully fulfilled that duty.

Accordingly, the judgment of the bankruptcy court is AFFIRMED.